## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00423-JAW |
| | ) | |
| SARA SMITH, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| MAINE TRUST FOR LOCAL | ) | |
| NEWS, L3C, *d/b/a Portland Press* | ) | |
| *Herald/Maine Sunday Telegram,* | ) | |
| | ) | |
| Intervenor. | ) | |

## ORDER ON OBJECTION TO MAGISTRATE JUDGE'S ORDER

A plaintiff objects to an order issued by a federal magistrate judge requiring him to respond to the defendant's discovery requests. Concluding the magistrate judge's order is well-reasoned and neither contrary to law nor clearly erroneous, the court overrules the plaintiff's objection and affirms the magistrate judge's order.

## I. BACKGROUND

### A. Procedural Background

On November 14, 2023, John Doe, a pseudonym for the father of a minor daughter, filed a lawsuit against Sara Smith, a pseudonym for the mother of the same minor daughter, seeking an injunction and other relief against Ms. Smith for disclosure of information subject to a Non-Disclosure Agreement (NDA) between them. *Compl.* (ECF No. 1). Specifically, Mr. Doe, a winner of the Maine State

Lottery, claimed that Ms. Smith violated the NDA by informing third parties about his winnings. *Id.* at 4-5.

On February 2, 2024, Mr. Doe moved to amend his complaint, explaining his proposed amended complaint "(1) details and clarifies the relationship between the parties and the unique safety and security reasons behind the signing of their [NDA]; (2) documents the telephone voicemail from Plaintiff's father to Defendant which forms the basis for Plaintiff's claim the Defendant breached the terms of the NDA in her communications with Plaintiff's father and stepmother; and (3) introduces new facts to support the additional allegation that Defendant breached the terms of the NDA by directly or indirectly disclosing Protected Subject Matter to her family court attorney and the public, without Plaintiff's permission." *Pl.'s Mot. to File First Am. Compl. Under Seal* at 2-3 (ECF No. 28) (internal citations omitted). On February 23, 2024, Ms. Smith opposed the motion to amend the complaint because the amendment was "futile, brought in bad faith, and based on undue delay" and at least one of the allegations in the amended complaint is "false." *Def.'s Opp'n to Mot. to File First Am. Compl. Under Seal* at 3 (ECF No. 48). Mr. Doe replied on March 4, 2024, rejecting Ms. Smith's contentions. *Pl.'s Reply to Def.'s Opp'n to Mot. to File First Am. Compl. Under Seal* (ECF No. 52).

On May 21, 2024, the Magistrate Judge issued an order denying Mr. Doe's motion to amend the complaint. *Order on Mot. to Amend* (ECF No. 81) (*Mag. J.'s Order on Mot. to Amend*). The Magistrate Judge's order focused on whether Mr. Doe's proposed amendment was "unenforceable as against public policy." *Id.* at 1-3. Citing

caselaw from Maine and other courts, the Magistrate Judge had "no trouble concluding that the NDA is unenforceable to the extent it would interfere with Smith's ability to consult with her attorney and make custody-related court filings" and accordingly denied the motion to amend. *Id.* at 2-3. On June 4, 2024, Mr. Doe objected to the Magistrate Judge's order, *Pl.'s Obj. to Mag. J.'s Order on Mot. to Amend* (ECF No. 85), and on July 19, 2024, the Court issued an order under seal overruling Mr. Doe's objection and affirming the Magistrate Judge's order on the motion to amend. *Order on Mot. to Amend Compl.* (ECF No. 117).

Meanwhile, the parties proceeded with discovery. On January 19, 2024, Ms. Smith requested a discovery conference in response to Mr. Doe's attempt to depose her and require her to produce her cell phone to his counsel for a forensic examination. *Def.'s Req. for a Hr'g Re Disc. Dispute Under Loc. Rule 26([b])* (ECF No. 26); *id.*, Attach. 1, *Notice of Dep. of Sara Smith*. After a hearing, the Magistrate Judge ordered that the Defendant's deposition would not go forward until the Plaintiff's motion to amend his complaint was resolved. *Order Re: Disc. Dispute* (ECF No. 30). On June 10, 2024, the Magistrate Judge convened another discovery hearing in response to Ms. Smith's request for assistance navigating the Plaintiff's depositions of third parties. *Req. for Hr'g Re: Disc. Dispute Pursuant to Loc. Rule 26(B)* (ECF No. 93); *Order re Req. for a Hr'g Regarding a Disc. Dispute* (ECF No. 111). On August 2, 2024, the Magistrate Judge held an additional discovery hearing, in response to both parties' respective motions for such a hearing, at which she ordered counsel to meet and "confer in a good faith effort to attempt to resolve or narrow these

disputes," and then submit a joint status report detailing their remaining discovery disputes, if any, by August 16, 2024. *Order re Req. for a Hr'g Regarding a Disc. Dispute* (ECF No. 123); *see also Req. for a Hr'g Regarding a Disc. Dispute* (ECF No. 120); *Req. for a Hr'g Regarding a Disc. Dispute* (ECF No. 121). Several days later, on August 6, 2024, Ms. Smith requested a discovery conference to postpone her deposition and compel supplemental written discovery from the Plaintiff. *Req. for Hr'g Re: Disc. Dispute Pursuant to Loc. Rule 26([b])* (ECF No. 124). At a discovery hearing on August 7, 2024, the Magistrate Judge ordered that Ms. Smith's deposition could not go forward until the parties' disputes over written discovery were resolved. *Order* (ECF No. 128) (*8/7/2024 Order*).

On September 6, 2024, the parties submitted a joint discovery status report and requested a discovery conference to resolve outstanding issues. *Joint Disc. Status Rep. and Req. for Hr'g Re Disc. Conf. Under Loc. Rule 26(b)* (ECF No. 130) (*Joint Disc. Status Rep.*). In that joint status report, the Defendant claimed that, in response to her request for production, the Plaintiff "has produced one document in addition to three documents previously produced that Plaintiff already had," and raised further issue with the Plaintiff's answers to Defendant's interrogatories numbers 1-4 and the Plaintiff's responses to the Defendant's requests for production numbers 1-4 and 6-9. *Id.* at 1-2; *see also Additional Disc. Docs.* (ECF No. 131). Mr. Doe, for his part, took issue with Ms. Smith's response to the Plaintiff's Request for Production Number 5. *Joint Disc. Status Rep.* at 3-4.

4

On September 20, 2024, the Magistrate Judge held a discovery conference and, after hearing from both sides, ordered the Plaintiff to fully respond or clarify his answers to the Defendant's discovery requests, as narrowed or otherwise modified by the Magistrate Judge on the record. *Order Re: Disc. Disputes* (ECF No. 149) (*9/20/24 Order Re: Disc. Disputes*); *see also Tr. of Proceedings* (ECF No. 150). On October 4, 2024, Mr. Doe filed a partial objection to the Magistrate Judge's discovery order, taking issue with the order insofar as it compelled his response to the Defendant's Interrogatories Numbers 1-3 and the Defendant's Production Requests Numbers 2, 4, and 6-9, and as it "[f]urther delay[ed] taking the depositions of Defendant and others until Plaintiff's supplemental written discovery is in 'good shape.'" *Pl.'s Partial Obj. to Order Re: Disc. Disputes* at 3-4 (ECF No. 162) (*Pl.'s Obj.*).[1] Ms. Smith responded in opposition to Mr. Doe's objection on October 29, 2024. *Def.'s Resp. to Pl.'s Partial Obj. to Disc. Order* (ECF No. 165) (*Def.'s Resp.*). On November 9, 2024, Mr. Doe moved for leave to file a reply in support of his objection. *Pl.'s Mot. for Leave to File Reply Mem. in Support of his Partial Obj. to Order Re: Disc. Disputes* (ECF No. 166). The Court granted Mr. Doe's motion on November 12, 2024, and Mr. Doe submitted his reply on November 26, 2024. *Order* (ECF No. 167); *Pl.'s Reply Mem. in Support of his Partial Obj. to Order Re: Disc. Disputes* (ECF No. 168) (*Pl.'s Reply*).

---

[1]    Mr. Doe originally filed his objection as an attachment to his motion to seal the same objection on October 4, 2024. *Mot. to Seal Pl.'s Partial Obj. to Order Re: Disc. Disputes*, Attach. 1, *Pl.'s Partial Obj. to Order Re: Disc. Disputes* (ECF No. 155). On October 15, 2024, the Clerk of Court entered Mr. Doe's objection on the docket as a separate line entry. *Pl.'s Partial Obj. to Order Re: Disc. Disputes* at 3-4 (ECF No. 162).

**B.     The Magistrate Judge's Order Regarding Discovery Disputes**

The Magistrate Judge held a discovery hearing on September 20, 2024, after which she ordered the Plaintiff to fully respond or clarify his answers to the Defendant's Interrogatories Numbers 1-4 and the Defendant's Production Requests Numbers 1-4, 6, and 8-9, as narrowed or otherwise modified by the Magistrate Judge on the record. *9/20/24 Order Re: Disc. Disputes*; *see also Tr. of Proceedings* at 1-44. The Magistrate Judge sustained the Plaintiff's objections to the Defendant's Request for Production Number 7, but ordered the parties to meet and confer on the topic to see if they could reach a reasonable compromise. *9/20/24 Order Re: Disc. Disputes*. The Magistrate Judge further ordered the Defendant to search her social media posts and messages and provide a supplemental response to the Plaintiff's Request for Production Number 5. *Id.* Finally, the Magistrate Judge ordered the parties to submit a joint status report by October 11, 2024, outlining any remaining discovery disputes. *Id.*

## II.     THE PARTIES' POSITIONS

**A.     John Doe's Objection**

Mr. Doe objected to the portion of the Magistrate Judge's discovery order requiring him to:

1. Provide a *summary of facts* to Defendant – prior to the taking of any depositions [–] as to how individuals named by Plaintiff will support Plaintiff's claims (**Defendant's Interrogatory No. 1**);

2. Identify *every* individual and entity (excluding non-security professionals) with whom *Plaintiff* has disclosed his Protected Subject Matter, including dates of disclosure and *Plaintiff's*

relationship with said individual or entity (**Defendant's Interrogatory No. 2**);

3. Identify *every* individual and entity (excluding non-security professionals) with him *Plaintiff* has executed a non-disclosure agreement ("NDA") (**Defendant's Interrogatory No. 3**);

4. Provide *all* NDAs between *Plaintiff* and *any* individual, security personnel and security firm (**Defendant's Request for Production No. 2**);

5. Provide *all* documents to or from *any* security service, security provider, or investigator relating in *any way* to Defendant, her daughter, her family, friends, acquaintances, or associates, subject to *in camera* review on the issue of relevance (**Defendant's Request for Production No. 4**);

6. Provide *all* documents relating to *any* contracts or agreements between *Plaintiff* and *any* security service or security provider (**Defendant's Request for Production No. 6**);

7. Identify *every* individual or entity with a membership or other ownership interest in the LLC through which Plaintiff claimed his lottery winnings (**Defendant's Request for Production No. 7**);

8. Provide *all* documents relating to *any* contracts or agreements between *Plaintiff* and his *significant other*, subject to *in camera* review on the issue of relevance (**Defendant's Request for Production No. 8**);

9. Provide *all* documents relating to Plaintiff's Protected Subject Matter that Plaintiff has provided to *any* individual or entity (excluding non-security professionals) that has not executed an NDA (**Defendant's Request for Production No. 9**); and

10. Further delay taking the depositions of Defendant and others until Plaintiff's supplemental written discovery is in "good shape."

*Pl.'s Obj.* at 1-2 (Plaintiff's emphasis) (formatting altered by Court).

Mr. Doe argues that this portion of the Magistrate Judge's order should be modified or set aside as clearly erroneous or contrary to law because: (1) "it

7

improperly compels Plaintiff to produce information that is irrelevant, grossly overbroad, not proportional to the needs of the case, and far beyond the permissible scope of Federal Rule of Civil Procedure 26(b)(1)," although he acknowledges that in camera review of the documents for relevance may be appropriate; (2) "it unfairly and ironically requires Plaintiff to provide Defendant with more confidential information"; and (3) it improperly interferes with the sequence of the Plaintiff's discovery by prohibiting him from taking depositions pending his production of information. *Id.* at 2-3. He alleges the order "place[s] him in the untenable position of having to produce irrelevant, confidential information about his personal and business relationships and assets to the Defendant . . . in order to move forward with depositions and simply find out and address the extent of her breaches." *Id.* at 4.

Turning to Defendant's Interrogatory Number 1, Mr. Doe argues that the Magistrate Judge's order that the Plaintiff supplement his response to Defendant's Interrogatory Number 1 by producing a "summary of facts that these people have that support that there was a breach of contract" is "clearly erroneous or contrary to law" because the interrogatory "seeks information subject to the opinion work product privilege in violation of Fed. R. Civ. P. 26(b)(3)." *Id.* (collecting cases). He insists that "[a]s worded, Defendants' Interrogatory No. 1 invades the opinion work-product privilege by asking Plaintiff to 'show his hand,' namely how Plaintiff believes certain individuals will 'support' [his] claims." *Id.* Mr. Doe additionally claims that Ms. Smith has not established any undue hardship or substantial need for the

information sought, which he contends she could obtain through the taking of depositions. *Id.* at 5-6 (citing *Upjohn Co. v. United States*, 449 U.S. 383, 400) (1981)).

Next addressing the Defendant's Interrogatories Numbers 2 and 3, the Plaintiff alleges the Magistrate Judge's order that he supplement his responses to the interrogatories and "identify *every single* non-professional individual and security person with whom he has shared his personal Protected Subject Matter and/or signed an NDA" is "clearly erroneous or contrary to law." *Id.* at 6 (Plaintiff's emphasis). He says, "Defendant's 'name everyone' interrogatories are overbroad on their face, bear little resemblance to either party's claim or defense, lack proportionality, and are generally beyond the permissible scope of Rule 26(b)(1)." *Id.* "As the NDA does not require *Plaintiff* to abide by its non-disclosure terms," Mr. Doe explains, "the identity information sought in Defendant's Interrogatory Nos. 2 and 3 is not relevant to Defendant's affirmative defenses of waiver, estoppel, and/or unclean hands." *Id.* at 7 (Plaintiff's emphasis). To the extent this information is relevant, he says, the potential harm of forcing him "to reveal to an already-breaching Defendant a list of the persons he has confided in outweighs the general principle favoring disclosure." *Id.* (citing FED. R. CIV. P. 26(b)(1)).

The Plaintiff also objects to the Magistrate Judge's order that he comply with the Defendant's requests for production numbers 2, 4, and 6-9, averring "[g]iven the unilateral nature of the NDA and the fact that it does not require Plaintiff to do anything other than to provide 'ongoing security resources to ensure [Defendant's] safety,' the Order fails Rule 26(b) scrutiny and is clearly erroneous or contrary to

law." *Id.* at 7-8 (citing *Orange Lake Country Club, Inc. v. Castle Law Group, P.C.*, No: 6:17-cv-1044-Orl-31DCI, 2018 U.S. Dist. LEXIS 118106, at *7 (M.D. Fla. Feb. 21, 2018) (a discovery request for "all documents" fails Rule 26(b) scrutiny as it lacks proportionality and arguably captures a host of documents that would have little relevance to the case) (citation amended). He claims Ms. Smith has failed to establish how his other NDAs, agreements with his significant other, LLC ownership details, and general communications with third parties "are any of the Defendant's business or even marginally relevant to the single issue in this case: whether she breached her specific NDA with Plaintiff." *Id.* at 8.

Mr. Doe asserts the Magistrate Judge "seemingly acknowledged" this overbreadth at the September 20, 2024 discovery conference when she told his attorney that "if there are particular aspects of any agreement, or provisions of a particular agreement or contract, or other contracts that you believe have nothing to do with the matters at hand which are in whole irrelevant – not relevant, then you can come back and we can make a decision as to how to proceed, one way of which might be that I do an in-camera review of those documents." *Id.* (quoting *Tr. of Proceedings* at 34:7-13). However, Mr. Doe finds the Magistrate Judge's caveat insufficient and claims an in camera review would be "discretionary, unduly burdensome, time-consuming, and an inadequate substitute for a ruling by this Court that the Magistrate's Order is clearly erroneous or contrary to law." *Id.*

Taking a step back, Mr. Doe next takes issue with the Magistrate Judge's order insofar as it "unfairly and ironically requires Plaintiff to provide Defendant with more

10

of his personal confidential information in order to remedy the unlawful disclosure of confidential information she already has." *Id.* at 8 (emphasis removed). Mr. Doe explains that he has "grave concerns" that, if he is made to provide the Defendant with more of his confidential information, the Defendant will disclose it with the intent to publicly embarrass and harass him and cause further irreparable harm to his safety and privacy and that of his minor daughter. *Id.* at 9.

Finally, the Plaintiff objects to the portion of the Magistrate Judge's order that delays the taking of any depositions until written discovery is "in good shape," absent a motion from the Defendant or a particularized finding that requiring a sequence of discovery would be for the "parties' and witnesses' convenience and in the interests of justice." *Id.* He reports that the taking of depositions is governed by Federal Rule of Civil Procedure 26, and, as a general rule, depositions must proceed as demanded, absent some "special and good reason," which he claims has not been established here. *Id.* (quoting *Park & Tilford Distillers Corp. v. Distillers Co.*, 19 F.R.D. 169, 171 (S.D.N.Y. 1956)). He also asserts this portion of the order is inconsistent with the Magistrate Judge's February 6, 2024 order regarding the sequence of discovery. *Id.* at 10 (quoting *Order Re: Disc. Dispute* at 12:17-22 ("I'm not going to tell the plaintiff how to conduct discovery or in what order . . . some written discovery . . . might be a good first step, but that's up to you to sort out"). Mr. Doe moves the Court to set aside the objected-to portions of the order and grant him leave to schedule and move forward with party and third-party depositions in this case, claiming if he had been allowed to proceed with Ms. Smith's deposition in February, as previously planned,

"this litigation could likely have been concluded." *Id.* (citing *Pl.'s Reply in Support of Mot. for Rule 11 Sanctions* at 1 (ECF No. 80); *id.*, Attach 1, *Ex. A to Pl.'s Reply* at 1-4).

### B. Sara Smith's Response

Ms. Smith urges the Court to overrule Mr. Doe's objection. After recounting the high standard required to overturn a magistrate judge's order, Ms. Smith contends that Mr. Doe's complaint that he has been "hamstrung" from taking her deposition until he adequately responds to the outstanding written discovery "is a problem of his own making." *Def.'s Resp.* at 1. She defends her discovery requests as "few, pointed, and relevant," noting, "[y]et, other than a two-page, unsigned and redacted 'statement of work' document from one of Plaintiff's 'security' companies, Plaintiff has failed to produce more than a single document not previously provided by or seen by Defendant." *Id.* at 1-2. Further, she says, Mr. Doe has failed to provide substantive responses to almost all the interrogatories. *Id.* at 2. Ms. Smith claims that Mr. Doe's objection "recasts the requests and ignores the Magistrate Judge's clarification and narrowing of the requests." *Id.*

The Defendant asserts that her position in this dispute is "that the NDA . . . is invalid from the outset, unconscionable, the product of undue influence, lacking consideration, and against public policy," and that Mr. Doe failed to take steps to protect his own confidential information, including by telling his own father and

stepmother, not subject to an NDA. *Id.* "In order to defend this suit," Ms. Smith says, she "is entitled to learn facts from Plaintiff relating to all of these defenses." *Id.*

Turning to Defendant's Interrogatory Number 1, Ms. Smith says "[t]his interrogatory simply seeks information about individuals who have factual information that will support Plaintiff's claims and the specific information Plaintiff believes they have." *Id.* She reports Mr. Doe listed only six persons, including Ms. Smith, her significant other, her attorney, her son and his girlfriend, and Mr. Doe's father, but has not provided any substantive information as to what facts the Plaintiff believes these individuals possess. *Id.* (citing *Additional Disc. Docs.*, Attach. 2, *Pl.'s Suppl. Resp. to Def.'s First Set of Interrogs.* at 2-3). Ms. Smith says the Magistrate Judge extensively discussed this interrogatory at the September 20, 2024 discovery hearing and described it as "pretty standard stuff," rejecting Mr. Doe's objection that the interrogatory seeks information protected by the work-product privilege. *Id.* (first citing *Tr. of Proceedings* at 2:2-7:17) (then quoting *Tr. of Proceedings* at 3:6) (citations amended to provide line numbers).

Next addressing Defendant's Interrogatory Number 2, Ms. Smith defends this request for the identification of who, besides the Defendant, Mr. Doe told about his "protected subject matter," averring "[i]f the Plaintiff is telling other people about his 'protected information,' it is highly relevant to a number of issues in this case, including the validity of the NDA, selective enforcement of the NDA, and whether Plaintiff is in fact protecting the very information he is suing Defendant for allegedly disclosing to others (primarily his father who he already told)." *Id.* at 3. Ms. Smith

13

says the Magistrate Judge recognized as much at the September 20, 2024 hearing, determining the information relevant not only to the claim of breach by the Defendant, but Mr. Doe's claim for damages, as well as the Defendant's affirmative defenses. *Id.* (citing *Tr. of Proceedings* at 7:18-15:16) (citation amended to provide line numbers).

Ms. Smith similarly defends Defendant's Interrogatory Number 3, which sought the identification of other persons or entities who have executed NDAs with Mr. Doe, reporting the Magistrate Judge at the September 20, 2024 hearing determined the information sought by the interrogatory was relevant and "ordered that Plaintiff fully respond." *Id.* at 4 (citing *Tr. of Proceedings* at 15:17-18:9) (citation amended to provide line numbers). Ms. Smith reports that the Magistrate Judge carved out an exception for business professionals (investment advisors, lawyers, accountants), but said, "[o]thers I do think need to be identified for the same reasons I've already discussed. I think relevant to the core of the claims, the consideration for the nondisclosure, the terms of the nondisclosures, damages, and the . . . defendant's affirmative defenses." *Id.* (quoting *Tr. of Proceedings* at 16:16-20) (citation amended to provide line numbers).

Ms. Smith next addresses the Plaintiff's objections to the Magistrate Judge's order that he comply with the Defendant's requests for document production. First reporting that Mr. Doe's production to date has consisted of a handful of documents, all but one of which had previously been provided by or seen by Ms. Smith, she says that the Plaintiff has refused to produce anything further and instead "relies

14

repeatedly on boilerplate objections including the outdated mantra that the requests are overly broad and 'are not likely to lead to the discovery of admissible evidence.'" *Id.* at 5 (quoting *Additional Disc. Docs.*, Attach. 4, *Pl.'s Resp. to Def.'s First Req. for Produc. of Docs.*, *passim*). She notes "[t]his standard was abandoned in . . . December 2015." *Id.* (citing *Fischer v. Forrest*, 2017 U.S. Dist. LEXIS 28102, at *9 (S.D.N.Y. 2017); *Malaro v. Wilkie*, 2024 U.S. Dist. LEXIS 147063, at *4 (D. Mass. 2024) (citations amended)).

Ms. Smith next addresses Mr. Doe's objection to the Magistrate Judge's order that he comply with the Defendant's Document Production Request Number 2, which seeks copies of all non-disclosure or confidentiality agreements provided to or executed by anyone relating to the Plaintiff, including his protected information. *Id.* Responding to Mr. Doe's arguments that this information lacks relevance, she avers "[t]hese documents are highly relevant for the same reasons discussed above and at the hearing concerning Plaintiff's deficient interrogatory answers." *Id.* at 5-6 (citing *Tr. of Proceedings* at 22:17-23:3) (citation corrected).[2] Ms. Smith reports the Magistrate Judge agreed with her position at the September 20, 2024 discovery hearing, stating: "for the same reasons that we discussed with the interrogatories[,] the NDA with respect to nonbusiness professionals in my view are highly relevant to a number of issues, claims, and defenses in the case, and I am going to require those to be produced." *Id.* (quoting *Tr. of Proceedings* at 22:18-22) (citation amended to

---

[2]     Ms. Smith cites *Tr. of Proceedings* at 7-18; however, the Magistrate Judge discussed Defendant's Production Request Number 2 at 22:17-23:3. *Tr. of Proceedings* at 22:17-23:3. The Court corrected the Defendant's citation accordingly.

include line numbers). Ms. Smith reports the Magistrate Judge required any NDAs with security personnel to be produced for the same reasons. *Id.* (citing *Tr. of Proceedings* at 23:1-3) (citation amended to include line numbers).

Ms. Smith states that her Document Production Requests Numbers 4 and 6, which seek documents provided to or from any security service provider or investigator relating to Ms. Smith, her family, acquaintances, or associates, and any contracts between Mr. Doe and any security service or security provider, are related and were discussed in tandem at the September 20, 2024 discovery hearing. *Id.* (citing *Tr. of Proceedings* at 24:18-27:22) (citation amended to include line numbers). In response to Mr. Doe's objection that these documents are irrelevant, lack proportionality, and the request is vague and overly broad, Ms. Smith contends that evidence concerning the "security services" or other investigation and surveillance of her is "highly relevant to this case" because "'security' is the only claimed consideration provided for the NDA." *Id.* Ms. Smith says the Magistrate Judge agreed with her that she is entitled to understand the actual scope of the security provided allegedly for her and her daughter's benefit. *Id.* at 7 (citing *Tr. of Proceedings* at 26:10-16 ("[A]s a core issue I think that the nature of the services and the—certainly documents that have to do with protection of – or interaction or . . . surveillance of the defendant would be relevant here based not just on the consideration for the agreement issues but again the – just the core issues attendant in this case as well as the claim and the affirmative defenses") (citation amended to include line numbers)). Ms. Smith opines that the Magistrate Judge "struck the right

balance" in ordering that the Plaintiff must produce any contracts or agreements with security services but that the payment terms could be redacted. *Id.* (citing *Tr. of Proceedings* at 27:13-22) (citation amended to include line numbers).

Ms. Smith also defends the Magistrate Judge's order that Mr. Doe comply with the Defendant's Request for Production Number 7, seeking information concerning the Plaintiff's involvement with the corporate entity that publicly claimed the Maine Lottery winnings. *Id.* She says "the Magistrate Judge got it right," and "[t]his information is discoverable because it is important to understand the relationship, if any, between the Plaintiff and the actual winner of the lottery." *Id.* (citing *Tr. of Proceedings* at 27:23-31:7) (citation amended to include line numbers).

Turning to the Magistrate Judge's order that Mr. Doe comply with the Defendant's Request for Production Number 8, which sought information regarding contracts or other agreements between the Plaintiff and his significant order "who has been occasionally described by Plaintiff as a co-winner of the lottery," Ms. Smith stands behind the Magistrate Judge's order that Mr. Doe produce responsive documents with some limitation concerning the potential payment of money between the Plaintiff and his significant other. *Id.* at 8 (citing *Tr. of Proceedings* at 33:14-18) ("[A]s a general matter contracts or agreements between the plaintiff and [the significant other] regarding the lottery winnings and the things surround that, including what brought us all here . . . the grave concerns about protection and

17

privacy, I think are fair game in discovery") (citation amended to include line numbers).

Regarding the Defendant's Request for Production Number 9, Ms. Smith supports the Magistrate Judge's order that Mr. Doe comply because the "information surrounding the lottery winnings and the protect[ed] subject matter of the NDA at issue in this case provided to other people by the plaintiff or on his behalf is highly relevant to this case." *Id.* (quoting *Tr. of Proceedings* at 36:9-12) (citation amended to include line numbers). She reports that this included information provided to security professionals, but did not require the production of documents provided to business professionals such as attorneys, accountants, investment and tax professionals. *Id.* at 8-9.

Finally, Ms. Smith opposes Mr. Doe's objection to the Magistrate Judge's order that he respond to written discovery before depositions proceed. *Id.* at 9 (citing, e.g., *Tr. of Proceedings* at 43:2-11) (citation amended to include line numbers). The Defendant agrees with the Magistrate Judge that "[t]he need to resolve written discovery in this case is critical prior to the taking of depositions so that underlying

facts can be known to inform the parties, and to guide the conduct at depositions." *Id.* (collecting District of Maine cases).

Based on the foregoing, the Defendant moves the Court to overrule Mr. Doe's objection and affirm the Magistrate Judge's order.

### C. John Doe's Reply

Mr. Doe's reply first counters that the cases cited by Ms. Smith do not support delaying her deposition. *Pl.'s Reply* at 1-4. Attempting to distinguish the cases cited by the Defendant in her response, the Plaintiff says, "[u]nlike *Malaro [v. Roger Wilkie, Jr., Builder, Inc.]*, Plaintiff is not before this Court seeking to compel Defendant to respond to his written discovery requests before her deposition proceeds; to the contrary, he has represented time after time that he does not need written discovery from Defendant before taking her deposition." *Id.* at 2-3 (discussing *Malaro*, 2024 U.S. Dist. LEXIS 147063). The general rule, he says, is that "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." *Id.* at 3 (quoting FED. R. CIV. P. 26(d)). He says, further, that the United States District Court for the District of Kansas recently held that a litigant's desire to obtain written discovery from the opposing party is not a valid basis to delay the litigant's deposition. *Id.* (citing *Borsody v. FedEx Ground*, No. 24-2073-HLT-ADM, 2024 U.S. Dist. LEXIS 202091, at *2 (D. Kan. Nov. 6, 2024) (citation amended)). In conclusion,

he requests the Court order the Defendant's deposition to proceed within thirty days of the issuance of this order.

Mr. Doe next asks that, if his objection is not sustained in its entirety, the documents he is ordered to produce should first be submitted to the Magistrate Judge for in camera review. *Id.* at 4. While the Magistrate Judge has already ruled that certain categories of documents may be appropriate for in camera review, Mr. Doe avers that "**all** categories of documents that 'survive' the Objection should be submitted for *in camera* review before any production to Defendant." *Id.* (citing *Brandt v. Fitzpatrick*, No. 1:15-cv-00461-NT, 2017 U.S. Dist. LEXIS 141875, at *4 (D. Me. Sept. 1, 2017) (citation amended) (Plaintiff's emphasis)). Mr. Doe says that he "has legitimate concerns that, should he be required to produce any additional sensitive documents to Defendant, even subject to the Court's Confidentiality Order, Defendant may violate the Confidentiality Order with respect to those documents, just as she violated the terms of the [NDA]," and thus requests in camera review as an additional "backstop." *Id.* at 4-5.

Finally, the Plaintiff requests oral arguments on his objection.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 26 requires that in general a party must "provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P.

26(a)(1)(A)(i), 26(e)(1). Rule 26 similarly requires a party provide "a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(ii). "'If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure . . . is harmless." *Burnett v. Ocean Props.*, 987 F.3d 57, 73 (1st Cir. 2021) (quoting FED. R. CIV. P. 37(c)(1)).

The Court reviews the Magistrate Judge's order for clear errors or holdings contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [designated to a magistrate judge] where it has been shown that the [magistrate judge's] order is clearly erroneous or contrary to law"); FED. R. CIV. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"). When reviewing for clear error, the Court "accept[s] the magistrate judge's findings of fact and the conclusions drawn therefrom unless, after analyzing the entire record, [it] 'form[s] a strong, unyielding belief that a mistake has been made.'" *In re HIPAA Subpoena (Patient Servs., Inc.)*, 961 F.3d 59, 64 (1st Cir. 2020) (citing *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999)). Questions of law are reviewed de novo, *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010), while "[m]ixed questions of law and fact invoke a sliding standard of review." *FERC*

*v. Silkman*, No. 1:16-cv-00205-JAW, 2017 U.S. Dist. LEXIS 211538, at *10-11 (D. Me. Dec. 26, 2017) (citing *In re IDC Clambakes, Inc.*, 727 F.3d 58, 64 (1st Cir. 2013)).

## IV.    DISCUSSION

### A.    Defendant's Interrogatory Number 1

Defendant's Interrogatory Number 1 says: "Identify (meaning name and contact information) each individual who supports Plaintiff's claims set forth in the Complaint, describing in detail how each individual supports such claims." *Additional Disc. Docs.*, Attach. 1, *Interrogs.* at 2. Federal Rule of Civil Procedure 26(a)(1)(A)(i) says that, generally, a party must "provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i). In response to Mr. Doe's objection, raised at the September 20, 2024 discovery conference, that the Defendant's interrogatory seeks privileged work-product information, the Magistrate determined the interrogatory did not invade the work-product privilege and complied with Rule 26: "it's pretty clear to me, and Mr. Nuzzi just confirmed it, that he's looking for the facts that these people know [through] a summary of the facts that these people have that support that there was a breach of contract, that's what this case is." *Tr. of Proceedings* at 6:9-16. She added, "I think the question is straightforward, it calls for more than just an identity—more than just the names of people who support your breach of contract claim, and I know that you can certainly fashion your

responses in a way that does not invade or reveal your trial strategies or other work-product information, so I'm going to order the No. 1 be responded to in full." *Id.* at 6:22-7:3.

After review of the record and applicable law, this Court reaches the same conclusion as the Magistrate Judge. The Magistrate Judge's September 20, 2024 order directs the Plaintiff to respond to Defendant's Interrogatory Number 1 "as narrowed or otherwise modified by [the Magistrate Judge] on the record." *9/20/24 Order Re: Disc. Disputes.* The Court concludes that Defendant's Interrogatory Number 1, as interpreted by the Magistrate Judge on the record at the September 20, 2024 discovery conference, is well within the bounds of Rule 26: it seeks "the name and . . . the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information," nothing more. FED. R. CIV. P. 26(a)(1)(A)(i). The Court overrules the Defendant's objection regarding Defendant's Interrogatory Number 1.

### B. Defendant's Interrogatory Number 2

Defendant's Interrogatory Number 2 says: "Identify each individual and entity who Plaintiff told about his lottery winnings, his finances, the Protected Subject Matter (as defined in Defendant's [NDA]), or any other matter deemed confidential by the Plaintiff, including the dates of such disclosures and Plaintiff's relationship with such individual or entity." *Interrogs.* at 2.

The Plaintiff objected at the September 20, 2024 discovery hearing that the interrogatory is overly broad because "[t]his case is about the defendant's unilateral

breach of the [NDA] [and] has nothing to do with what information the plaintiff may have disclosed." *Tr. of Proceedings* at 8:20-21. In response, the Magistrate Judge considered the purpose of the NDA—to avoid the disclosure of the protected subject matter so as to protect the safety of the parties, their daughter, close family members, friends, and associates—and determined "this NDA starts out sounding very much like a mutual agreement." *Id.* at 9:15-10:22. Acknowledging the NDA "has only the hammer provisions as they relate to the defendant's action," the Magistrate Judge determined it was nonetheless "clear what they were trying to do, and that's consistent with what your complaint says, and . . . that is to protect everybody." *Id.* at 10:9-12. She thus concluded that the protected subject matter disclosed by the Plaintiff to others was relevant to the dispute in this case. *Id.* at 10:20-22. The Magistrate Judge further explained, "I don't know how many people . . . he has discussed things with, but I think it is relevant to the basic claims; I think it is relevant to the sort of assessment of the overall terms of the NDA . . .; and I think it is relevant to the affirmative defenses that the defendant has articulated," including waiver, estoppel, and unclean hands. *Id.* at 15:11-17. Despite this conclusion, the Magistrate Judge did specifically limit the scope of Defendant's Interrogatory Number 2 to exclude the lawyers, accountants, and financial advisors with whom the Plaintiff shared information about the protected subject matter. *Id.* at 11:11-12:20.

The Court concludes the Magistrate Judge's ruling regarding Defendant's Interrogatory Number 2 was neither clearly erroneous nor contrary to law. The Magistrate Judge determined the information sought by Defendant's Interrogatory

Number 2 was relevant to the Plaintiff's claims and request for damages, and the Defendant's affirmative defenses, and limited the scope of the interrogatory to ensure its relevance and protect Mr. Doe's privileged communications. The Magistrate Judge's ruling was thoughtful, well-articulated, and clearly supported by Federal Rule of Civil Procedure 26(a)(1)(A)(i), and the Court affirms it over the Plaintiff's objection.

### C. Defendant's Interrogatory Number 3

Defendant's Interrogatory Number 3 requested the "[i]dent[ity] [of] each individual or entity that has executed an NDA regarding the Plaintiff." *Interrogs.* at 3. The Plaintiff objected for the same reasons of relevance and proportionality that he objected to Defendant's Interrogatory Number 2, *Tr. of Proceedings* at 15:21-16:4, and the Magistrate Judge ordered the Plaintiff to comply with Defendant's Interrogatory Number 3 for the same reasons as she ordered him to comply with Defendant's Interrogatory Number 2. *Id.* at 16:5-20. The Magistrate Judge likewise carved out the same exception for business professionals (lawyers, accountants, and investment advisors). *Id.*

Concluding the Magistrate Judge's order was neither clearly erroneous nor contrary to law, the Court affirms the order regarding Defendant's Interrogatory Number 3 for the same reasons the Court affirmed Defendant's Interrogatory Number 2.

### D. Defendant's Production Request Number 2

Defendant's Production Request Number 2 asks for "[a]ll non-disclosure agreements or confidentiality agreements . . . of any kind provided to or executed by any person or entity relating in any way to the Plaintiff, including, but not limited to, the fact that the Plaintiff won the lottery, his winnings, his financial information, the Protected Subject Matter (as defined in Defendant's NDA), or any other information deemed confidential by the Plaintiff." *Additional Disc. Docs.*, Attach. 3, *Pl.'s Resp. to Def.'s First Req. for Produc. of Docs.* at 2.

At the September 20, 2024 discovery hearing, the Magistrate Judge determined these documents were relevant for the same reasons discussed regarding Defendant's Interrogatory Numbers 2 and 3. *Tr. of Proceedings* at 22:17-23:3. She similarly limited Defendant's Production Request Number 2 to non-business professionals. *Id.* at 22:22-23:3 Rule 26 requires a party provide "a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(ii). After review, the Court concludes the Magistrate Judge's order was in accordance with Rule 26 and not clearly erroneous or contrary to law for the same reasons discussed with regard to Defendant's Interrogatory Numbers 2 and 3. The Court overrules the Defendant's objection.

### E. Defendant's Production Requests Numbers 4 and 6

In her fourth production request, Ms. Smith seeks "[a]ll documents of any kind provided to or received from any security service, security provider, or investigator relating in any way to the Defendant, her daughter, her family, friends, acquaintances, or associates." *Def.'s First Req. for Produc. of Docs.* at 3. Defendant's Production Request Number 6 asks for "[a]ll documents relating to any contracts or agreements between Plaintiff and any security service or security provider." *Id.* at 4. Observing the relatedness of the two discovery requests, the Magistrate Judge discussed Defendant's Production Requests Numbers 4 and 6 in tandem at the September 20, 2024 discovery hearing and the Court follows this approach. *Tr. of Proceedings* at 27:13-22.

Mr. Doe objected to the two production requests on the grounds of irrelevance, disproportionality, and that the request is "grossly overbroad." *Pl.'s Obj.* at 5, 7-8. The Magistrate Judge overruled his objection at the September 20, 2024 discovery hearing, concluding "as a core issue I think that the nature of the services and . . . certainly any documents that have to do with protection or . . . interaction or . . . surveillance of the defendant would be relevant here based not just on the consideration of the agreement issues but again the . . . core issues attendant in this case as well as the claim and affirmative defenses." *Tr. of Proceedings* at 26:10-16. To assuage Mr. Doe's concerns, the Magistrate Judge ordered that any payment terms in such contracts or agreements may be redacted, *id.* at 27:17-22, and also

invited the Plaintiff to submit particular documents he thinks "are really so attenuated in terms of relevance or are not proportional in some way" for in camera review. *Id.* at 26:19-27:8.

The Court concludes this portion of the Magistrate Judge's order was neither clearly erroneous nor contrary to law, and overrules the Plaintiff's objection. For the same reasons discussed by the Magistrate Judge, and those stated by the Court within this order, the Court affirms the Magistrate Judge's order in accordance with Federal Rule of Civil Procedure 26. The Court additionally reminds Mr. Doe that the Magistrate Judge welcomed his submission of particular documents for her in camera review; if Mr. Doe maintains his belief that specific documents sought by the Defendant's Production Request Numbers 4 and 6 are irrelevant or disproportionate to the issues of dispute in this case, the Court encourages him to take up this invitation with the Magistrate Judge.[3]

### F. Defendant's Production Request Number 7

Defendant's Production Request Number 7 originally sought "[a]ll documents relating in any way to the Plaintiff's interest in or involvement with [the Plaintiff's corporate entity]." *Def.'s First Req. for Produc. of Docs.* at 4. In response to Mr. Doe's objections on the grounds of proportionality and relevance, *id.* at 4-5; *Tr. of Proceedings* at 28:1-29:2, which the Magistrate Judge agreed with, *Tr. of Proceedings* at 29:3-15, the Magistrate Judge said, "I'm not going to order any documents to be

---

[3]    On December 6, 2024, Magistrate Judge Wolf, the judge who issued the objected-to opinion, recused herself. *Order of Recusal* (ECF No. 170). If Mr. Doe elects to follow up, he will be dealing with Magistrate Judge Nivison. *Id.* ("Case reassigned to MAGISTRATE JUDGE JOHN C. NIVISON for all further proceedings").

produced, but it does seem fair enough, since you've had discussions about this, to just indicate who are the members of the LLC. And so I'm going to require that you two talk about that some more, and if you continue to have a dispute about it then you can come back." *Id.* at 31:1-6. Ms. Smith reports that, in line with the Magistrate Judge's order, she revised her request to: "Identify (meaning name and contact information) each individual or entity with a membership or other ownership interest in [the corporate entity], and describe the percentage interest therein." *Def.'s Resp.* at 7.

The Court overrules the Plaintiff's objection to the Magistrate Judge's order regarding Defendant's Production Request Number 7. The Magistrate Judge agreed with Mr. Doe that Ms. Smith's original production request on this topic was overly broad, and substantially limited the request. She specifically told Mr. Doe that she was not "order[ing] any documents to be produced," and told the parties "I'm going to require that you two talk about [the production request] some more, and if you continue to have a dispute about it then you can come back." *Tr. of Proceedings* at 31:6. Nothing about this order is clearly erroneous or contrary to law; it is, on the contrary, a sensible accommodation based on the Plaintiff's objection. The Court affirms the Magistrate Judge's order and reminds Mr. Doe that the Magistrate Judge's order includes the invitation for the parties to return to the Magistrate Judge if the dispute continues. Should the dispute persist in light of the request's revision, the Court encourages the parties to take the Magistrate Judge up on this offer.

### G.    Defendant's Production Request Number 8

Defendant's Production Request Number 8 requests "[a]ll documents relating to any contracts or agreements between Plaintiff and [his significant other]." *Def.'s First Req. for Produc. of Docs.* at 5.   Mr. Doe objected on the same grounds of relevance, proportionality, and that the request is "vague, overly broad, not limited in time or scope, and not likely to lead to the discovery of admissible evidence." *Id.*

The Magistrate Judge ordered Mr. Doe to comply with the Defendant's request, determining "as we've already discussed, issues surrounding discussions with others, inability to discuss . . . the protected subject matter with others . . . those are highly relevant things." *Tr. of Proceedings* at 33:3-6.   However, the Magistrate Judge acknowledged "there certainly could be particular contracts or agreements . . . between the plaintiff and [his significant other], surrounding the issues of the lottery winning or lottery winnings, privacy, protection . . .. that are not relevant or have a very attenuated relevance to the issues in this case," and determined contract terms of "[p]ayment of money from the plaintiff to [his significant other]" were non-discoverable.   *Id.* at 33:7-25.   She additionally invited the parties to bring to her attention "particular aspects of any agreement, or provisions of a particular agreement or contract, or other contracts that you believe have nothing to do with the matters at hand which are in whole irrelevant." *Id.* at 34:7-13.   As a general matter, though, the Magistrate Judge concluded "contracts or agreements between plaintiff and [his significant other] regarding the lottery winnings and the issues surrounding

that, including . . . what brought us all here . . . the grave concerns about protection and privacy, . . . are fair game in discovery." *Id.* at 33:14-18.

For the reasons raised by the Magistrate Judge, and those discussed by the Court within this order, the Court concludes the Magistrate Judge's order was neither clearly erroneous nor contrary to law. The Court reminds Mr. Doe that the Magistrate Judge instructed the Plaintiff to bring to her attention specific contract provisions he believes irrelevant to the issues in dispute; if there are particular contracts or agreements Mr. Doe is concerned exceed the bounds of his claims or Ms. Smith's defenses, he is entitled to take the Magistrate Judge up on the offer.

### H. Defendant's Production Request Number 9

Defendant's Production Request Number 9 seeks "[a]ny and all documents provided by or on behalf of the Plaintiff to any person or entity that have not executed an NDA relating in any way to the Plaintiff's lottery winnings, financial information, identity, location, the Protected Subject Matter (as defined in Defendant's NDA), or other matters deemed confidential by the Plaintiff." *Def.'s First Req. for Produc. of Docs.* at 5. The Magistrate Judge ordered the Plaintiff to comply with this request, but she excepted information the Plaintiff may have shared with attorneys, accountants, and investment and tax professionals. *Tr. of Proceedings* at 36:13-18.

Mr. Doe objected to the compelled disclosure of such document on the grounds of relevance and confidentiality. *Pl.'s Obj.* at 7-8. The Magistrate Judge disagreed, stating, "I disagree with [the Plaintiff's objection] based on the very terms of the agreement of this NDA but also your complaint which makes it very clear that the

concern is that disclosure of certain information to anyone out there in the world is a major security risk to the plaintiff, to his daughter, to the defendant, to their friends, to their family, so it is—in my view it is relevant, it's relevant to the issues set forth in the affirmative defenses." *Tr. of Proceedings.* at 36:1-8. She did, however, limit the Defendant's request, as stated above, and invited the Plaintiff to bring particular documents he takes issue with to the attention of the Magistrate Judge. *Id.* at 36:13-37:4.

After review, the Court agrees with the Magistrate Judge, for the reasons she explained at the September 20, 2024 discovery hearing and discussed by the Court elsewhere in this order. The Court determines the Magistrate Judge's order was neither clearly erroneous nor contrary to law and affirms the order over Mr. Doe's objection. The Court again reminds Mr. Doe of the Magistrate Judge's invitation to bring "particular documents that [he] think[s] become too far removed" to the attention of the Magistrate Judge for further review. *Id.*

## I.     The Sequence of Depositions

Mr. Doe objects to the Magistrate Judge's order that written discovery be "in good shape" before depositions proceed. *Tr. of Proceedings* at 43:7; *Pl.'s Obj.* at 9-10. The Magistrate Judge determined "the documents and fair responses to interrogatories need to be in . . . everybody's hands before you go forward with depositions or the depositions are likely to go . . . sideways." *Tr. of Proceedings* at 42. Mr. Doe objects on the ground that, "[a]s a general rule, depositions must proceed as

demanded, absent some 'special and good reason.'" *Pl.'s Obj.* at 9 (quoting *Park & Tilford Distillers Corp.*, 19 F.R.D. at 171).

The Court overrules Mr. Doe's objection. Ms. Smith correctly submits that "trial courts have general discretion over the sequence of discovery [and] Rule 27(d) authorizes trial courts, upon motion, to sequence discovery for convenience and in the interests of justice." *Def.'s Resp.* at 10 (quoting *Manske*, 789 F. Supp. 2d at 217). Mr. Doe objects in part based on his claim that "[h]ere, no such motion was made by Defendant." *Pl.'s Obj.* at 9. As an initial matter, this argument is incorrect. On August 6, 2024, the Defendant requested a discovery conference to postpone her deposition and compel supplemental written discovery from the Plaintiff. *Req. for Hr'g Re: Disc. Dispute Pursuant to Loc. Rule 26([b])*. The Magistrate Judge convened a discovery hearing on August 7, 2024, where she ordered that Ms. Smith's deposition could not go forward until their disputes over written discovery are resolved. *8/7/2024 Order*.

In addition, although the Plaintiff is correct that, "[a]s a general rule, depositions must proceed as demanded, absent some 'special and good reason,'" *Pl.'s Obj.* at 9, the Magistrate Judge provided a "special and good reason" on September 20, 2024, when she determined "the documents and fair responses to interrogatories need to be in . . . everybody's hands before you go forward with depositions or the depositions are likely to go . . . sideways." *Tr. of Proceedings* at 42:11-14; *see also Stowe v. Cumberland Farms, Inc.*, 2022 Dist. LEXIS 98183, at *4 (D. Me. June 2, 2022) (holding that the sequencing of written discovery prior to depositions "may well

narrow and simplify issues, which will, in turn, make [a party's] deposition a more productive exercise and lead to a more efficient resolution of this matter").

The Magistrate Judge's order is affirmed.

## V.     CONCLUSION

The Court OVERRULES Plaintiff's Partial Objection to Order Re: Discovery Disputes (ECF No. 162) and AFFIRMS the Magistrate Judge's Order re: Discovery Disputes, as narrowed or otherwise modified by the Magistrate Judge on the record at the September 20, 2024 discovery hearing (ECF No. 150).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2025