# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

_____

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) |
|     **Plaintiff-Appellant,** | ) |
| | ) |
| **v.** | )     **No. 25-1196** |
| | ) |
|  **SARA SMITH,** | ) |
| | ) |
| | ) |
|     **Defendant-Appellee.** | ) |

_____

### APPELLANT'S RESPONSE TO MOTION TO DISMISS APPEAL

_____

    Plaintiff-Appellant ("Doe") appeals from a discovery order in a single-issue case concerning whether and to what extent Defendant-Appellee ("Smith") disclosed Doe's personal, sensitive, and confidential information, in violation of the Non-Disclosure Agreement ("NDA") that Smith signed to protect the safety and privacy of Doe and their minor child. Smith moves to dismiss this appeal on jurisdictional grounds. For the reasons set forth below, the discovery order is reviewable, given the unique circumstances of this case, because it satisfies this Court's "four requisites of appealability" under the collateral order doctrine. At issue is whether a party seeking to enforce a private NDA may be: (1) compelled to produce *more* personal, sensitive, and confidential information to a breaching party

1

in order to remedy that party's breach; and (2) prohibited from taking that breaching party's deposition (or any depositions) pending the compelled production of his own confidential information, which bears no relevance to the subject matter of those depositions.

## BACKGROUND

Doe sued Smith for breaching their private NDA—centered on keeping his identity as a lottery winner confidential—by disclosing personal, sensitive, and confidential information about Doe and his assets to other people in violation of their agreement that such disclosure "could cause irreparable harm" to Doe and their minor child. (ECF No. 1). The NDA in question is unilateral to the extent its covenant of non-disclosure and remedies for breach apply <u>solely</u> to Smith. (ECF No. 1-1, ¶¶ 5-7).

From the outset of this case, Doe sought to take the depositions of Smith and others to effectively identify and remedy each of Smith's breaches and quickly resolve this matter. Each time he attempted to move forward with her deposition, however, Smith requested a discovery hearing seeking to delay it. (*See* ECF Nos. 26, 93, 120, and 130). At the fourth discovery hearing requested by Smith to compel supplementary written discovery from Doe (*see* ECF No. 130), the magistrate judge ordered Doe to produce broad categories of his personal, sensitive, and confidential information to Smith and held that no depositions could go forward until Doe

supplemented his production. (ECF No. 149). Doe objected (ECF No. 162), but the district court affirmed the magistrate judge's order in its Order on Objection ("Discovery Order"). (ECF No. 177).

Doe is now placed in the untenable position of having to produce broad categories of personal, sensitive, and confidential information about, among other things, NDAs he has entered into with certain third parties, contracts he has entered into with his new significant other, and personal security systems he has in place to protect himself and/or his minor child, to Smith – a former girlfriend – who has already unlawfully disclosed his protected information, in order to move forward with her deposition and remedy the extent of her breaches.

The district court recognized that Doe is faced with an impossible "Catch-22" in this case: any disclosure of his private and confidential information—revolving around Doe's identity as a lottery winner—to the public and to the media will subject him and his minor child to the irreparable harm he brought suit to avoid. (*See* ECF No. 174). As a result, it ordered that the parties brief the issue of a public trial, with the understanding that its ruling would allow for interlocutory appeal. (ECF No. 176). Doe moved for closure of trial, noting that "[r]elatedly, the issue of whether [Doe] should be required to disclose in discovery additional confidential information to a breaching [Smith] is congruent with the public trial issue, and one that may lend itself to consolidation as part of an interlocutory appeal." (ECF No. 179, at 1 n.1).

Smith, in turn, moved to enforce the Discovery Order, asserting that it is not appealable. (ECF No. 180). Doe responded that the district court should stay enforcement of the Discovery Order pending appeal to this Court, stating, in part:

> [T]he Court's Discovery Order places Plaintiff in yet another "Catch-22" situation. Plaintiff has two choices: either he can comply with the Discovery Order and challenge it at the conclusion of his case, at which point "the cat is already out of the bag," and the purpose of his appeal – to keep broad categories of what he views as irrelevant, private, and confidential information from a breaching Defendant – is defeated, or he can refuse to comply with the Discovery Order and perhaps contest its validity if subsequently held in contempt. For obvious reasons, the latter option is undesirable to Plaintiff. The willful violation of a court order solely to obtain appellate jurisdiction is not a choice that any litigant should be forced to make to protect his private and confidential information.

(ECF No. 183, at 2-3). Doe then filed his Notice of Appeal. (ECF No. 184). Smith replied, acknowledging that the district court lacked jurisdiction to rule on her motion to enforce the Discovery Order pending appeal. (ECF No. 192). The district court agreed and ruled that it would make no determination regarding the scope of permissible discovery until the conclusion of Doe's appeal. (ECF No 202). The very next day after the district court's ruling, Smith filed her motion to dismiss Doe's appeal ("Motion to Dismiss") before any briefing schedule had been set.

It is against this backdrop that Doe respectfully requests that this Court assume jurisdiction of his appeal under the collateral order doctrine exception to 28 U.S.C. § 1291.

## ARGUMENT

Smith's sweeping claim that Doe may not take an appeal from a discovery order is incorrect. (*See* Motion to Dismiss, at 4-5). This Court has never held as a blanket rule that discovery orders are not appealable. *Compare Kinzer v. Whole Foods Mkt., Inc.*, 99 F.4th 105, 124 (1st Cir. 2024) (discovery orders "not normally" appealable absent reason to depart from usual rule), *with In re San Juan Star Co.*, 662 F.2d 108, 113 (1st Cir. 1981) (finding discovery orders appealable). Rather, this Court applies a four-part test to determine whether an order that does not itself end litigation is deemed "final" and thus immediately appealable under the collateral order doctrine.[1] *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (announcing collateral order exception for appellate review under 28 U.S.C. § 1291); *see also U.S. v. Sorren*, 605 F.2d 1211, 1213 (1st Cir. 1979) (gleaning four requisites of appealability from *Cohen* and the cases applying it). As stated in *Sorren*:

> The order must involve: (1) an issue essentially unrelated to the merits of the main dispute, capable of review without disrupting the main trial; (2) a complete resolution of the issue, not one that is "unfinished" or "inconclusive"; (3) a right incapable of vindication on appeal from final judgment; and (4) an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's discretion.

---

[1] To be clear, the collateral order doctrine is an exception allowing for an appeal under 28 U.S.C. § 1291. Contrary to Smith's claim (Motion to Dismiss, at 5), Doe does not assert two separate bases for jurisdiction under both 28 U.S.C. § 1291 <u>and</u> the collateral order doctrine.

*Id.* "In other words, the order must be separable, final, urgent, and important." *Anderson v. City of Boston*, 244 F.3d 236, 240 (1st. Cir. 2001) (quoting the four-part test from *Sorren*). Refining the analysis further, this Court has observed that the "urgency" or irreparable harm requisite should be the "central focus and perhaps even the dispositive criterion of appellate jurisdiction." *In re San Juan Star Co.*, 662 F.2d at 112 (summarizing weight afforded each prong of four-part test) (internal quotation marks omitted). The first and second requisites – separability and finality – are "facets of the analysis of urgency," and the last requisite – importance – is "either another facet" of urgency, or "simply not relevant." *Id.*

Under this Court's four-part analysis, the Discovery Order is reviewable under the collateral order exception. As to "separability," there is no question that the disputed issues of whether Doe may be: (1) compelled to produce *more* personal, sensitive, and confidential information to Smith in order to remedy Smith's breach[2];

---

[2] In a case involving one NDA and whether Smith breached its terms, the Discovery Order requires Doe to produce *all* NDAs between him and *any* other individual (Request for Production No. 2) and to provide *all documents relating to any contracts or agreements* between Doe and: (1) *any* security provider or investigator (Requests for Production Nos. 4 and 6); (2) members of his LLC (Request for Production No. 7); (3) his significant other (Request for Production No. 8); and (4) anyone with whom he provided his Protected Subject Matter (as defined in the NDA) who has not executed an NDA with Doe (Request for Production No. 9). It further requires Doe to disclose *every individual or entity* with whom he disclosed his Protected Subject Matter (Interrogatory No. 2) and executed an NDA (Interrogatory No. 3). (ECF No. 177).

and (2) prohibited from taking Smith's deposition (or any depositions) pending his compelled production of information that is not relevant to those depositions, are entirely independent of the substantive issue of whether and to what extent Smith breached the parties' NDA. To the extent Smith argues that the compelled production is "intertwined with the merits of this case" (Motion to Dismiss, at 6), this Court can still resolve the underlying production and deposition issues without engaging in an analysis of the merits of the case. Further, resolution of the deposition and confidentiality issues will not disrupt any trial. To the contrary, it will (hopefully) facilitate the conclusion of this case by allowing Doe to move forward with Smith's deposition and then remedy the extent of her breaches.

As to "finality," the Discovery Order from which Doe appeals conclusively determined the question in dispute. Doe must produce broad categories of his personal, sensitive, and confidential documents to Smith and supplement his responses to her interrogatories, leaving no room for further consideration by the district court on these issues together. Although the Discovery Order allows Doe to submit "particular" documents that "he thinks become too far removed" (ECF No. 177, at 32) for *in camera* review, the scope of *in camera* review in the Discovery Order is limited. It does not extend to any of the documents and information that Doe is required to produce in response to Defendant's Production Request No. 2 or Defendant's Interrogatories Nos. 1, 2, and 3. The Discovery Order is therefore its

"final word on the subject." *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12-13 (1983) (appeal reviewable under collateral order doctrine where "no basis to suppose" district court "contemplated any reconsideration" of decision). Doe is also prohibited from taking *any* party or third-party depositions pending his compelled disclosures to Smith, regardless of any *in camera* modifications as to "particular" documents. (*See* ECF No. 177, at 32-34).

As to "urgency," -- the central focus of this Court's inquiry and perhaps the dispositive criterion -- the Discovery Order will be effectively unreviewable after a final judgment in this case. Once Doe's personal, sensitive, and confidential information is released to Smith regarding, among other things, his personal security systems, which are in place to protect him and/or his daughter as the case may be, "the cat will be out of the bag." *See Smith v. BIC Corp.*, 869 F.2d 194, 199 (3d Cir. 1989) (creating exception to non-appealability of discovery orders where party is ordered to disclose trade secrets). Smith and her lawyers and perhaps others will already have had access to this information, negating any protection that could be put back in place by a later appeal.[3] And once "the cat is let out of the bag" and

---

[3] Doe has legitimate concerns that, should he be required to produce the disputed documents and information to Smith, even subject to the Court's Confidentiality Order, Smith may violate the Confidentiality Order, just as she violated the terms of the NDA. Although it is true that Doe could make the disputed documents and information subject to the "Attorneys' Eyes Only" provision in the Confidentiality Order, that designation would not necessarily hold if Smith objected to the designation and the district court sustained the objection.

depositions are allowed to proceed in this case, the issue of whether Doe should have been prohibited from taking depositions pending his production will be moot and unreviewable after a final judgment. Accordingly, this case and the issues raised herein are distinguishable from the case Smith cites (Motion to Dismiss, at 9), *Mohawk Industries Inc. v. Carpenter*, 558 U.S. 100 (2009), in which the Supreme Court considered the appealability of a district court order compelling disclosure of attorney-client communications based on the grounds that the privilege had been waived. In *Mohawk*, the Supreme Court found that "deferring review until final judgment does not meaningfully reduce the *ex ante* incentives for full and frank consultations between clients and counsel." *Id.* at 109. Here, by contrast, deferring review until final judgment will irreparably destroy Doe's right to privacy and subject him to the legitimate risk of harm from public and media exposure, either by (1) Smith's dissemination of the information into the public sphere, or (2) Smith's attempt to introduce the information into evidence at a public trial (if one is allowed).

Smith contends that Doe could wait and gain the right of appeal by resisting the Discovery Order and being held in contempt (Motion to Dismiss, at 9-10). But as stated *supra*, the district court has already stayed Smith's motion to enforce the Discovery Order, with the agreement of the parties, pending conclusion of Doe's interlocutory appeal. (ECF No. 202). As a practical matter, forcing Doe to go back and defy the Discovery Order in an attempt to gain the right of appeal from a

contempt order will only result in a further delay of this appeal and the underlying litigation. Smith's additional contentions (*see* Motion to Dismiss, at 9-10) that Doe could, in the alternative, attempt to obtain appellate review by taking an interlocutory appeal under 28 U.S.C. § 1292(b) or seeking a writ of mandamus are similarly unavailing. The Discovery Order does not involve "a controlling question of law as to which there is a substantial ground for difference of opinion" as required by 28 U.S.C. § 1292(b). And although a writ of mandamus would be an appropriate remedy if this Court determines that an appeal is not otherwise available, it "is not . . . a substitute for interlocutory appeal for parties attacking the court's jurisdiction: it is appropriate only when the lower court is clearly without jurisdiction and the party seeking the writ has no adequate remedy by appeal." *Sorren*, 605 F.2d at 1215.

Finally, as to "importance," although this Court has noted that "this element is not analytically a proper component of the collateral order test," *see In re San Juan Star Co.*, 662 F.2d at 113, and "the Supreme Court has apparently never rejected an appeal for failure to satisfy it," *see id.*, Doe's right -- and perhaps the right of a similarly situated litigant seeking to enforce in court a private NDA that protects their confidential information, privacy, and safety – is of clear importance.

Because Doe's appeal satisfies this Court's four-pronged test of separability, finality, urgency, and importance, appellate jurisdiction pursuant to the collateral order doctrine is appropriate.

## CONCLUSION

For all of the foregoing reasons, Doe respectfully requests that this Court summarily deny Smith's motion to dismiss or, in the alternative, defer its decision until after a full consideration of the appeal on its merits.

Respectfully submitted this 24th day of March, 2025

                                 By: /s/ *Louise M. Aponte*
                                 Gregory Brown, Bar No. 1212935
                                 Louise M. Aponte, Bar No. 1212800
                                 LOWE YEAGER & BROWN PLLC
                                 920 Volunteer Landing, Suite 200
                                 Knoxville, Tennessee 37915
                                 Phone: (865) 521-6527
                                 Fax: (865) 637-0540
                                 gb@lyblaw.net
                                 lma@lyblaw.net

                                 and

                                 Stephen B. Segal, Esq., Bar No. 1188949
                                 VERRILL DANA LLP
                                 One Portland Square
                                 Portland, ME  04101
                                 (207) 774-4000
                                 ssegal@verrill-law.com

                                 *Attorneys for Plaintiff-Appellant John Doe*

## **CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of FRAP 27(d)(2)(A) because it contains 2791 words. It also complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

*/s/ Louise M. Aponte*
Louise M. Aponte

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document was filed with the Circuit Clerk using the CM/ECF system on this 24th day of March, 2025. Notification of this filing was sent to all parties registered with the Court's electronic filing system.

*/s/ Louise M. Aponte*
Louise M. Aponte