United States Court of Appeal
For the First Circuit

| | |
|---|---|
| John Doe, )<br>)<br>　　　Plaintiff-Appellant, )<br>v.　　　　　　　　　　　　　　　　 )<br>)<br>Sara Smith, )<br>)<br>　　　Defendant-Appellee. ) | No. 25-1196 |

**Appellee's Reply Brief on Motion to Dismiss Appeal**

　　Defendant-Appellee Sara Smith moved to dismiss (Motion) this interlocutory appeal because there is no final judgment and this appeal does not satisfy the collateral order exception to the final judgment rule. Plaintiff-Appellant John Doe opposed that motion. (Opp.). Smith submits this brief response to that opposition. In short, Doe's rhetoric is contradicted by the actual record, and Doe's argument that this case satisfies the strict standard for allowing appeal of a collateral order fails to satisfy any of the four requirements to take such an appeal.

　　Although perhaps not required to decide the motion to dismiss this interlocutory appeal, we cannot ignore Doe's repeated assertion—without *any* record citation—that Smith has "disclos[ed] personal, sensitive, and confidential information about Doe and his assets to other people in violation" of their non-disclosure agreement (NDA). Opp. 2 (brackets added); *accord id*. 2–4, 7–9.

The record in this case flatly contradicts this claim. The *only* allegation in the Complaint that Smith breached the NDA is the assertion that she told Doe's father and stepmother about his $1.3 billion lottery win. ECF 1 (Compl. ¶ 17). Not only did Smith categorically deny this assertion under oath, ECF 31-2 (Smith Declaration (Dec.) ¶¶ 17–20), but *the plaintiff himself admitted under oath that he told his dad about the lottery win*. ECF 75-1 (Doe Dec. ¶ 19); *see also* ECF 195-1 (Brann Dec. ¶ 4) (quoting Doe's sworn interrogatory response). To complete the picture, the plaintiff's father also stated under oath that Doe, not Smith, told him about the lottery win, and that the dad, not Smith, then told Doe's stepmother. ECF 77-1 (Dad Dec. ¶¶ 3–5); ECF 97-1 (Dad Dec. ¶¶ 4–6). In other words, the foundation of Doe's argument why he must be allowed to take this interlocutory appeal is built on quicksand.

Although the parties agree that Doe must satisfy a four-part test to appeal a collateral order in this Circuit, *see* Motion 6; Opp. 5, the parties' agreement ends there.

On the first requirement, namely, that the issues being appealed are distinct from the merits, Doe repeatedly underscores that the issues are intertwined by arguing that he faces a "Catch-22" or that the "cat will be out of the bag" if he is required to respond to discovery. *See* Opp. 3, 4, 8. Furthermore, Doe does not challenge at all the district court's findings that the ordered discovery was relevant

2

to either the claims or the defenses in this action. *See* Motion 6–7 (discussing court's relevance rulings). Doe's silence is understandable—the notion, for example, that discovery seeking the information about people who would support his claims is "distinct from the merits" cannot be taken seriously. *See id.* 6. Likewise, Doe does not—and cannot—challenge the district court's conclusion that the extent to which other people entered into an NDA or that people who didn't sign an NDA nevertheless were told about the lottery win is relevant to Smith's affirmative defenses relating to the validity of the NDA. *See id.* 6–7. The same is true for the remaining discovery ordered by the district court. *See generally id.*

Concerning the second requirement that the challenged ruling be definitive, Doe shoots himself in the foot by conceding that some of the rulings invited him to seek *in camera* review or further input from the district court. Opp. 7; *see also* Motion 7 (quoting Discovery Order reminding Doe about invitation to return to court on discovery disputes). Doe likewise does not even address the authority from this Court and the Supreme Court that discovery rulings are rarely definitive, and are often revisited over the course of litigation. *See* Motion 7 (collecting cases).

Concerning the third requirement that there is no alternative to an interlocutory appeal to protect Doe's interests, Doe buries in a footnote the most obvious way to protect his interests, namely, by utilizing the Confidentiality Order entered in this litigation. *See* Opp. 8 n.3. Based on the disproved allegation that

3

Smith had violated the NDA, Doe asserts that Smith will simply ignore the court-ordered Confidentiality Order. *Id*. Suffice it to say, courts do not and should not assume that parties will ignore its orders.

Similarly, Doe's objection to marking some discovery as "attorneys' eyes only" under the Confidentiality Order is conjecture layered in speculation and then wrapped in supposition—*if* Doe marks certain information as "attorneys' eyes only," and *if* Smith challenges that designation, and *if* the district court incorrectly removes that designation, and *if* Smith improperly discloses that information, then he won't be able to protect his confidential information. *Id*. To describe that argument is to refute it.

Doe does not even mention, much less respond to, the usual way courts "remedy the improper disclosure of privileged material," namely, "by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence." Motion 9 (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 105–106 (2009)). Doe's further objection to the numerous other alternatives available to vindicate its interests without taking an interlocutory appeal, as articulated by the *Mohawk* Court, *see* Motion 9–10, is inherently contradictory and unavailing. *See* Opp. 9–10. Doe's concern about delay if he is forced to defy the Discovery Order and take an appeal (*id.* 8) is belied not only by his war of attrition in this litigation with 202 docket entries and counting, but also

by his clear signal that "a writ of mandamus would be an appropriate remedy *if* this Court determines that an appeal is not otherwise available[.]" *Id.* 9 (brackets and emphasis added). There are numerous alternatives to an interlocutory appeal available.

Concerning the fourth requirement that the appeal present an important issue meriting immediate review, Doe argues that this is not an independent requirement, relying upon a 44-year-old decision. *See* Opp. 10. This Circuit more recently has repeatedly and recently identified this as one of the four independent requirements to obtain a collateral order appeal. *See, e.g.,* Motion 10 (citing *Awuah v. Coverall, N.A., Inc.*, 585 F.3d 479, 482 (1st Cir. 2009)). Doe does not explain why the discretionary call in this garden-variety discovery order presents an important legal issue meriting immediate review. Rather than attempting to meet this high standard, he suggests only that "Doe's right – and *perhaps* the right of a similarly situated litigant seeking to enforce in court a private NDA that protects their confidential information, privacy, and safety – is of clear importance." Opp. 10 (emphasis added). Doe thus attempts to satisfy the last requirement by collapsing the Discovery Order into the merits of the case (and thus again violating the first requirement to be allowed to take an interlocutory appeal) and then labeling that interest as "clear." Like the other three requirements, this too falls short.

Defendant-Appellee Sara Smith respectfully requests that the Court dismiss this interlocutory appeal.

Dated: March 25, 2025            Respectfully submitted,

/s/Peter J. Brann
Daniel N. Nuzzi
Peter J. Brann
Hannah L. Wurgaft
Brann & Isaacson
113 Lisbon St., P.O. Box 3070
Lewiston, ME  04243-3070
(207) 786-3566
pbrann@brannlaw.com
danuzzi@brannlaw.com
hwurgaft@brannlaw.com

*Attorneys for Defendant-Appellee*

## Certificate of Compliance

This motion uses 14-point Times New Roman typeface and contains 1157 words.

/s/Peter J. Brann
Peter J. Brann

## Certificate of Service

On March 25, 2025, this document was served through the ECF system on all counsel of record in this matter.

/s/Peter J. Brann
Peter J. Brann
